UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NILES MILLER,

v.                                        Case No. 8:04-cr-524-T-17TGW
                                                    8:07-cv-439-T-17TGW

UNITED STATES OF AMERICA.

O R D E R

This cause is before the court on Defendant Miller's amended 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  He is proceeding on his amended motion to vacate. Doc. cv-5; cr-55.  A review of the record demonstrates that, for the following reasons, Miller's motion to vacate must be denied.

PROCEDURAL HISTORY

On December 6, 2005, Miller pled guilty to one count of possession with intent to distribute five grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count Eight of the Indictment). Docs. cr-37, cr-34 (Plea Agreement), cr-57 (Transcript).

Pursuant to the plea agreement, Miller expressly waived his right to appeal his sentence:

> . . .or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the

> ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

Doc. cr-34, p. 11, ¶ 5.

Prior to Miller's guilty plea, the government filed a notice of prior convictions, pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(B), identifying the following prior convictions of Miller:

> a. On September 9, 1996, in Case No. 96-2318F, for possession of cocaine with intent to sell or deliver;
>
> b. On September 9, 1996, in Case No. 96-1042F, for possession of cocaine and battery on a law enforcement officer;
>
> c. On September 9, 1996, in Case No. 96-845F, for possession of cocaine and possession of cannabis with intent to sell or deliver;
>
> d. On March 8, 1995, in Case No. 95-118F, for sale of cocaine; and
>
> e. On March 8, 1995, in Case No. 94-3417F, for possession of cocaine, battery on a law enforcement officer, and resisting arrest with violence.

Doc. cr-30 at 2.

On January 6, 2006, the Court accepted Miller's guilty plea and adjudicated him guilty. Doc. cr-40.  On March 6, 2006, this Court sentenced Miller to a 168-month term of imprisonment, to be followed by a 60-month term of supervised release. Docs. cr-49 (Judgment), cr-56 (Transcript). At sentencing, Miller was awarded a downward departure pursuant to USSG § 5K1.1 which provided a significant reduction in Miller's sentence. Miller did not appeal the final judgment.

On March 12, 2007, Miller timely filed his original section 2255 motion and supporting memorandum of law. Docs. cv-1, cv-2. On March 15, 2007, the Court ordered Miller to file an amended motion conforming with the Rules Governing Section 2255 motions. Doc. cv-3. On April 6, 2007, Miller filed an amended section 2255 motion (Doc. cv-5) claiming he received ineffective assistance of counsel when counsel failed to:

a. investigate the actual amount of drugs involved (Miller's Ground One);

b. challenge the amount of drugs at sentencing (Miller's Ground Two) ;

c. object to the Court's consideration of Miller's prior convictions which were not charged in the indictment (Miller's Ground Three); and

d. object at sentencing to application of USSG § 4B1.1 and his status as a career criminal (Miller's Ground Four).

Standard for Ineffective Assistance of Counsel

Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of counsel, Miller must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland*'s two-part test requires Miller to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*  However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

Challenges to Guilty Pleas

Guilty pleas waive all but jurisdictional claims up to the time of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir. 1991), and foreclose most claims from collateral attack. *See United States v. Broce*, 488

3

U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir. 1990) (double jeopardy claim waived). It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1345-51 (11th Cir. 1993). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing: the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d. 1340, 1342 (11th Cir. 2005).

When Miller executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. at 266-67. As set forth *supra*, pursuant to the plea agreement Miller executed, he waived his right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the government appealed. The waiver includes claims of ineffective assistance of counsel at sentencing. *See Williams,* 396 F.3d at 1342.

The right to appeal is a statutory right that can be waived if waived knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1345-51 (11th Cir. 1993). For this Court to enforce a sentence appeal waiver, the United States need only demonstrate either (1) that the district court specifically questioned the defendant about the provision during

the Fed. R. Crim. P. 11 colloquy, or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351. The critical inquiry is not the extent to which the Court reviewed the sentence appeal waiver but the extent to which the record demonstrates the defendant's knowledge and understanding of the waiver. *See Id.* (the defendant's knowledge and understanding of the waiver are among the components that constitute the core concerns of the defendant's right to be aware of the direct consequences of his guilty plea).

Miller negotiated an agreement with the government regarding the disposition of his criminal charges which included a waiver of his right to challenge his sentence collaterally, with few exceptions. Docs. cr-34, cr-37. At his change of plea hearing, the Court specifically advised Miller about his sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy and confirmed that he understood the consequences of his waiver. Doc. cr-57 at 24. Admittedly, the Court's explanation of the appeal waiver provision did not specifically include that the appeal applied to collateral proceedings as is stated in the written plea agreement. However, during the plea colloquy Miller stated he had read each page of the entire agreement which contained the precise terms of the appeal waiver, as denoted by his initials, and that he understood the agreement before he had signed it. Doc. cr-57 at 5, 8. Thus, the record shows that Miller understood the significance of the waiver.

Miller now claims his guilty plea was not "an intelligent admission of guilt" because he only pled guilty to distributing a maximum of 39 grams (which would have subjected him to a mandatory minimum sentence of five (5) years), not 87.618 grams, as he was held accountable at sentencing and sentenced to a mandatory minimum of ten (10) years. Doc. cv-2 at 4. The record clearly refutes Miller's allegation. Not only did the factual basis

contained in his plea agreement state he was to be held accountable for anywhere from 50 to 150 grams, the Court also informed Miller that he faced a mandatory minimum sentence of ten (10) years and a mandatory maximum of life imprisonment, referencing page 2 of the plea agreement and the section 851notice filed by the government (Doc. cr-30). Miller responded that he understood the penalties. Doc. cr-57 at 12.

**Drug Amount - Grounds a and b**

Regarding the amount of drugs involved (Grounds a and b), by signing his plea agreement, Miller agreed with the factual basis set forth in his plea agreement which stated, in part:

> The parties agree that the total amount of crack cocaine for which [Miller] should be held accountable at sentencing, based upon the amount [Miller] distributed to the [undercover] detective, is an amount of crack cocaine over fifty (50) grams, but less than one hundred, fifty (150) grams.

Doc. cr-34, p. 14, ¶ 9. Under penalty of perjury, Miller also agreed to these facts at his guilty plea hearing. Doc. cr-57, p. 6. The Court inquired of Miller if there was anything in the statement of facts that he disagreed with, and Miller said "no." Doc. cr-57, p. 6.

**Use of Prior Convictions - Ground c**

Miller's claim regarding his counsel's failure to challenge the use of prior convictions at sentencing which were not identified in the Indictment (Ground c), is without merit as well. While acknowledging the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is binding law, Miller submits the Supreme Court fails to consider the "doctrine of stare decisis," which requires an indictment "contain an allegation of every fact which is legally essential to the punishment to be inflicted." Doc. cv-2, p. 9. Miller asserts his prior convictions were

essential to the punishment to be inflicted, thus, according to the doctrine of stare decisis, the prior convictions should have been included in the indictment.

To the extent that Miller argues that this Court should not apply *Almendarez-Torres* because the Supreme Court does not acknowledge the doctrine of stare decisis in its ruling, this Court rejects the argument because it is well-settled that the United States does not have to allege a prior conviction in the indictment or prove it to a jury beyond a reasonable doubt. *See United States v. Greer*, 440 F.3d 1267, 1273-74 (11th Cir. 2006). Moreover, in Miller's case, the government filed a §851 notice of prior convictions, and Miller did not contest his prior convictions, nor does he contest the validity of those convictions in the instant motion. Doc. cr-30 at 2.

**Eighth Amendment Violation - Ground d**

Miller also argues that his counsel failed to object to the Court's imposition of a sentence which was "cruel and unusual" and violates his rights under the Eighth Amendment. Miller refers to the Court's finding that he is a career offender under the provisions of USSG §4B1.1 and ruling that Miller be held accountable for 87.618 grams of cocaine base as opposed to 39 grams which raised the mandatory minimum sentence to a ten-year minimum.

The Eleventh Circuit's binding precedent rejecting an Eighth Amendment challenge under like circumstances precludes success on Miller's argument. The Supreme Court has held that "[t]he Eighth Amendment . . . contains a narrow proportionality principle that applies to noncapital sentences." *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005) (quoting *Ewing v. California*, 538 U.S. 11, 20 (2003)). When faced with an Eighth Amendment challenge, therefore, this Court "must make a threshold determination that the

sentence imposed is grossly disproportionate to the offense committed." *United States v. Raad*, 406 F.3d 1322, 1324 (11th Cir.), *cert. denied*, 126 S. Ct. 196 (2005). If the defendant satisfies his burden of establishing disproportionality, this Court then "must [] consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 1324, n.4.

"'Outside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare.'" *Id.* at 1323 (quoting *Solem v. Helm*, 463 U.S. 277, 289-90 (1983)). This is so because this Court "accord[s] substantial deference to Congress, as it possesses 'broad authority to determine the types and limits of punishments for crimes.'" *Id.* (quoting *Solem*, 463 U.S. at 290, 103 S. Ct. at 3009); *see also Harmelin v. Michigan*, 501 U.S. 957, 1006-07 (1991) ("We have never invalidated a penalty mandated by a legislature based only on the length of sentence, and . . . we should do so only in the most extreme circumstances.") (Kennedy, J., concurring); *Moriarty,* 429 F.3d at 1024 ("In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.") (quoting *United States v. Delacruz-Soto,* 414 F.3d 1158, 1168 (10th Cir. 2005)).

In *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir.), *cert. denied*, 127 S. Ct. 462 (2006), the Eleventh Circuit rejected a defendant's Eighth Amendment challenge on the ground that he had failed to make the threshold showing of disproportionality because the district court had sentenced him within the statutory limits. Because the defendant had failed to make the threshold showing of disproportionality, the Eleventh Circuit did "not [need] to consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crimes in other

jurisdictions." *Id.* Like the defendant in *Johnson*, 451 F.3d at 1243, Miller has not satisfied his burden of establishing disproportionality because the Court sentenced him to 168 months' imprisonment, and has not otherwise established that his sentence is cruel and unusual.

In sum, Miller's counsel did not render constitutionally ineffective assistance with respect to those items raised by Miller, and Miller did not suffer any prejudice in any event. Therefore, as Miller has failed to meet both *Strickland* prongs, his claims of ineffective assistance of counsel are denied.

Accordingly, the Court orders:

That Miller's motion to vacate (Doc. cv-5; cr-55) is denied. The Clerk is directed to enter judgment against Miller in the civil case and to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 5, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: W. Stephen Muldrow
Pro se: Niles Miller